In the Matter of Howard C. Shoen et al., Doing Business as North Shore Day School, Respondents, against Herbert S. Bowne et al., Consti-

tuting the Board of Zoning Appeals of the City of Glen Cove et al., Appellants.—
Order directing the building inspector of the City of Glen Cove to issue
a certificate of occupancy for the use of certain premises as a school,
decreeing that the activities conducted upon the premises during the summer
of 1947 constituted the respondents a private school within the purview of the
Building Zone Ordinance of the City of Glen Cove, and setting aside the con-
trary determinations of the city building inspector and of the Glen Cove
zoning board of appeals, reversed on the law and the facts, and the determina-
tion of the zoning board of appeals that the 1947 summer use of the premises
violated the zoning ordinance reinstated and confirmed, with $25 costs and
disbursements. The evidence presented to the zoning board of appeals by the
respondents clearly indicates that the primary purpose of the activities con-
ducted on the premises during the summer of 1947 was recreational rather
than educational. The respondents were not registered by the State Department
of Education to conduct even a nursery school thereon until after this proceeding
was instituted. Special Term, therefore, should not have disturbed the board's
determination that the 1947 summer activities, as to children over nursery
school age, were conducted in violation of subdivision 3 of section 2-a of the
zoning ordinance. That section permits "school" uses in a residence AA dis-
trict, but does not allow the maintenance therein of a summer camp. Upon the
proof in this record, it does not appear that the determination of the zoning
board of appeals was either arbitrary, capricious or unjustified. Lewis, P. J.,
Carswell, Johnston, Sneed and Wenzel, JJ., concur.